IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DECARLO D. HARRIS, # R08615, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-00893-GPM |
| ) | |
| WARDEN RICKY HARRINGTON, ) | |
| MAJOR HASEMEYER, and ) | |
| JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff DeCarlo D. Harris, an inmate in Lawrence Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on the conditions of his confinement and incidents that occurred while Plaintiff was housed at Menard Correctional Center.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff was involved in an assault upon staff in the Menard chapel on February 5, 2013. According to Plaintiff, a warning shot was fired and a group of inmates, including Plaintiff, were cuffed, beaten, and then dragged to the health care unit. Defendant Warden Harrington then appeared and inquired whether the inmates were "the gang-banging fucks who assaulted [his] staff." Harrington then stated, "Teach them a lesson, boys." The inmates were then brought into a nearby room one by one. Plaintiff heard loud noises, shouting, crying, inmates begging, and even a threat that one inmate was going to be killed by a guard. Plaintiff saw inmates exit the

room beaten and bleeding. After every inmate in the group—except for Plaintiff—had been beaten, the whole group was strip searched and taken to segregation.

Plaintiff was subsequently interviewed by Defendant Major Hasemeyer, who threatened to destroy Plaintiff's legal papers and personal property, and to make Plaintiff's time in segregation "hell." Plaintiff was then placed in a segregation cell with no toilet paper, no water and food, and no sheets or blanket—all for two days.

On February 7, 2013, Plaintiff and seven other inmates were transferred to various other institutions. Plaintiff went to Lawrence Correctional Center, where he remains. When Plaintiff finally received his personal property at Lawrence, things were missing and destroyed. His television was broken, and he has never received his box of legal materials. Plaintiff seeks compensatory and punitive damages.

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into four counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendant Warden Harrington was deliberately indifferent to Plaintiff's safety and he ordered that cruel and unusual punishment be inflicted upon Plaintiff, all in violation of the Eighth Amendment;**
>
> **Count 2: Defendant Major Hasemeyer threatened Plaintiff in violation of the Eighth Amendment;**
>
> **Count 3: The conditions of Plaintiff's two-day confinement in segregation violated the Eight Amendment; and**
>
> **Count 4: Plaintiff's personal property and legal materials were lost or destroyed in violation of the First and Eighth Amendments.**

**Discussion**

**Defendant John Doe**

Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). There are no allegations against anyone identified by the pseudonym "John Doe." Therefore, "John Doe" will be dismissed without prejudice.

**Count 1**

Count 1 pertains to the allegation that Defendant Warden Harrington directed correctional officers to use physical force to punish Plaintiff. The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *See Wilkins v. Gaddy,* 559 U.S. 34 (2010); *DeWalt v. Carter,* 224 F.3d 607, 619 (7th Cir. 2000). Of course, Plaintiff was not physically touched or harmed in any way.

Verbal threats, without more, will generally not amount to an Eighth Amendment violation, but a credible threat to kill or inflict any other physical injury may constitute an Eighth Amendment violation. *See Dobbey v. Ill. Dep't of Corrections,* 574 F.3d 443, 446 (7th Cir. 2009). In illustrating the type of verbal threat that amounts cruel and unusual punishment, the Seventh Circuit cited to *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986). *Dobbey*, 574 F.3d at 446. In *Burton*, it was alleged that a guard pointed a gun at an inmate, cocked it, used a racial epithet, and repeatedly threatened to shoot the inmate. *Burton*, 791 F.2d at 100. The claim

survived because the "complaint describe[d] in plain words a wanton act of cruelty which, if it occurred, was brutal despite the fact that it resulted in no measurable physical injury to the prisoner." *Id.* The Seventh Circuit also cited *Irving v. Dormire*, 511 F.3d 441, 449-50 (8th Cir. 2008), where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. *Dobbey*, 574 F.3d at 446.

Here, Defendant Warden Harrington directed correctional officers to "teach" the inmates involved in the staff assault a "lesson"—implying that physical force should be used as punishment. And Plaintiff watched as other inmates were taken into a room with correctional officers and emerged beaten and bleeding. Therefore, Count 1 will not be dismissed at this juncture.

**Count 2**

Count 2 is premised upon Defendant Major Hasemeyer's threat that Plaintiff's legal materials and personal property would be destroyed, and that he was going to make Plaintiff's time in segregation "hell."

Again, mere threats generally do not amount to an Eighth Amendment violation. *See Dobbey v. Ill. Dep't of Corrections,* 574 F.3d 443, 446 (7th Cir.2009). Although the complaint does allege that Plaintiff's legal materials have vanished and some of his personal property was destroyed in transit from Menard to Lawrence, there is no allegation that Major Hasemeyer was personally involved. Therefore, Count 2, as pleaded in the complaint, fails to state a claim against Defendant Hasemeyer and will be dismissed with prejudice.

**Count 3**

Count 3 pertains to the conditions of confinement Plaintiff endured during his two days in segregation. Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also James v. Milwaukee County,* 956 F.2d 696, 699 (7th Cir. 1992). Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming,* 839 F.2d 1232, 1235 (7th Cir. 1988).

Here, Plaintiff claims that he had no toilet paper, water, food, sheets, or blanket in his segregation cell. However, regardless of the conditions of Plaintiff's cell, Count 3 fails because none of the named defendants are linked to Plaintiff's placement in the segregation cell or the conditions of confinement. As already noted, Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Consequently, the doctrine of *respondeat superior* does not apply, so Warden Harrington cannot be presumed to be liable. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). For these reasons, Count 3 will be dismissed with prejudice.

**Count 4**

Count 4 regarding Plaintiff's lost and destroyed legal materials and personal property fails for two reasons. First, no Defendant is identified as being responsible for the lost and destroyed property. Second, and most important, allegation that someone disposed of his personal property does not state a constitutional claim because he has an adequate state post-

deprivation remedy—a tort suit in the Illinois Court of Claims. *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984). Therefore, Count 4 will be dismissed with prejudice.

## Pending Motion

Also before the Court is Plaintiff's motion for appointment of counsel (Doc. 2), which is construed as a motion for recruitment of counsel. This motion shall be referred to United States Magistrate Judge Donald G. Wilkerson for further consideration.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 2, 3, and 4** are **DISMISSED with prejudice**. Defendants **"JOHN DOE"** and **MAJOR HASEMEYER** are **DISMISSED with prejudice** from this action. **COUNT 1**, the Eighth Amendment claim against **WARDEN RICKY HARRINGTON**, shall proceed.

The Clerk of Court shall prepare for Defendant **WARDEN RICKY HARRINGTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be

retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: October 2, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge